U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No. 6:18-CV-1813-Orl-28 KRS

IGLESIA LA NUEVA JERUSALEM,
INC.,

    Plaintiff,

vs.

OHIO SECURITY INSURANCE
COMPANY,

    Defendant.

_____/

### ANSWER, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL WITH INCORPORATED MOTION TO DISMISS AND MOTION TO STRIKE

    Defendant, OHIO SECURITY INSURANCE COMPANY ("Defendant"), hereby serves its Answer, Affirmative Defenses, and Demand for Jury Trial With Incorporated Motion to Dismiss an Motion to Strike in Response to Complaint filed by Plaintiff, IGLESIA LA NUEVA JERUSALEM, INC.  ("Plaintiff"), stating as follows:

    1.    Admitted.

    2.    Denied.

    3.    Denied.

    4.    Admitted.

    5.    Denied as phrased.

    6.    Defendant admits only that it issued insurance policy no. BKS 58146713, which pertains to the premises located at 4925 Pleasant Hill Road, Kissimmee, FL 34759, and was effective from November 5, 2017 to November 5, 2018, to Iglesia La Nueva

Jerusalem, Inc. and that the terms and conditions explicitly stated therein speak for themselves and are subject to all applicable exceptions, exclusions, limitations and defenses.  All other allegations within paragraph 6, are denied.

7.      Defendant admits only that it issued insurance policy no. BKS 58146713, which pertains to the premises located at 4925 Pleasant Hill Road, Kissimmee, FL 34759, and was effective from November 5, 2017 to November 5, 2018, to Iglesia La Nueva Jerusalem, Inc. and that the terms and conditions explicitly stated therein speak for themselves and are subject to all applicable exceptions, exclusions, limitations and defenses.  All other allegations within paragraph 7, are denied.

8.      Denied that the Plaintiff is not in possession with a copy of the subject policy.

9.      Denied as phrased.

10.     Denied as phrased.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Denied.

15.     Denied.

16.     Any and all allegations not specifically admitted are denied.

**MOTION TO DISMISS AND ALTERNATIVE MOTION TO STRIKE**

Defendant, OHIO SECURITY INSURANCE COMPANY, ("Defendant"), by and through the undersigned counsel and pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f), hereby moves this Court for an order dismissing and, alternatively

striking Plaintiff request for consequential damages as alleged in the Wherefore Clause of the Plaintiff's Complaint and in support thereof states the following.

1.      The instant lawsuit arises out of an alleged loss to Plaintiff's real property which occurred on or about January 29, 2018.  Specifically, the Plaintiff alleges that the insured property "suffered structural damage caused by a vehicle entering the driveway and approaching the concrete carpot [sic]". *Please see Plaintiff's Complaint at ¶ 9.*

2.      The instant lawsuit is a first-party breach of insurance contract action in which the Plaintiff is seeking coverage under the subject insurance policy for the aforementioned damage allegedly sustained at the insured property. The principal issues before the Court involve coverage determination and amount of damages for the claimed loss.

3.      The Wherefore Clause of the Plaintiff's Complaint, however, appears to seek bad faith damages.  In as much as the Wherefore Clause intends to allege bad faith conduct on the part of the Defendant, it is irrelevant and immaterial to the instant first party breach of contract action and Plaintiff's request for "consequential damages" should be stricken accordingly.

5.      Federal Rule of Civil Procedure 12(b)(6) allows for dismissal for failure to state a claim for which relief cannot be granted. Any cause of action for bad faith is premature; as such, relief for same cannot be granted.   It is well settled that a statutory first-party bad faith action is premature until two conditions have been satisfied: (1) the insurer raises no defense which would defeat coverage (an issue for the judicial process rather than the appraisal process), or any such defense has been adjudicated adversely to the insurer; and, (2) the actual extent of the insured's loss must have been determined.

*Vest v. Travelers Ins. Co.*, 753 So.2d 1270, 1275–76 (Fla.2000); *State Farm Mut. Auto. Ins. Co. v. Laforet*, 658 So.2d 55 (Fla.1995).

6.     Alternatively, Rule 12(f) provides, in relevant part, that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Rule 12(f) of the Federal Rules of Civil Procedure.* The above outlined case law supports striking the Plaintiff's request for consequential damages.

7.     Plaintiff's request for consequential damages, as alleged in the Wherefore Clause of the Plaintiff's Complaint, implies bad faith or improper conduct on the part of the Defendant in its handling or adjustment of Plaintiff's claim and should be dismissed or, alternatively, stricken as immaterial to the present first-party breach of contract action.

WHEREFORE, OHIO SECURITY INSURANCE COMPANY, pursuant to Federal Rule of Civil Procedure 12(f), hereby moves this Court for an order striking Plaintiff request for consequential damages as alleged in the Wherefore Clause of the Plaintiff's Complaint.

## CERTIFICATE OF CONSULTATION

Pursuant to Local Rule 3.01(g), the undersigned hereby certifies that he conferred with Counsel for Plaintiff via telephone conference on October 15, 2018 and that Counsel for Plaintiff has indicated that she does not agree to the relief sought herein.

Date:   11/1/18

/s/ Gina S. Glasgow
Andrew P. Rock, Esquire
Florida Bar No. 0656437
Gina S. Glasgow, Esquire
Florida Bar No. 054921
The Rock Law Group, P.A.
1760 Fennell Street
Maitland, FL 32751

Telephone: (407) 647-9881
Facsimile: (407) 647-9966
Attorneys for Defendant

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1.     OHIO SECURITY affirmatively denies all material averments in the Complaint and demands strict proof thereof.

### Second Affirmative Defense

2.     To the extent that any of the damages claimed in this suit are covered under the policy, the amount of those damages does not exceed the amount previously tendered to the Plaintiff.

### Third Affirmative Defense

3.     Affirmatively, OHIO SECURITY has fulfilled its obligations under the subject policy.

### Fourth Affirmative Defense

4.     Affirmatively, the rights and responsibilities of both parties, as well as any payments allegedly due under the subject policy are controlled by the terms, conditions, coverages and exclusions from coverage under the policy.

### Fifth Affirmative Defense

5.     Affirmatively, OHIO SECURITY alleges that the coverage and exclusion language contained in the subject policy controls the obligations, duties and responsibilities of the parties to this litigation.

## DEMAND FOR JURY TRIAL

Defendant respectfully requests a jury trial for all matters for which it has that right.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via electronic mail on the 1st day of November, 2018 to Angel L. Gimenez, Esquire, Gimenez & Carrillo, LLC, 5775 Blue Lagoon Drive, Suite 300, Miami, FL 33126, service@gimenezandcarrillo.com; fquesada@gimenezandcarrillo.com.

*/s/ Gina S. Glasgow*
Andrew P. Rock, Esquire
Florida Bar No. 0656437
Gina S. Glasgow, Esquire
Florida Bar No. 054921
The Rock Law Group, P.A.
1760 Fennell Street
Maitland, FL 32751
Telephone: (407) 647-9881
Facsimile: (407) 647-9966
Attorneys for Defendant

GSG/rmv