# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

IGLESIA LA NUEVA JERUSALEM, INC.,

    Plaintiff,

v.

Case No: 6:18-cv-1813-Orl-28KRS

OHIO SECURITY INSURANCE COMPANY,

    Defendant.

# ORDER

This cause comes before the Court *sua sponte*. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction . . . where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). This case was removed to this Court based on diversity of citizenship, alleging both diverse citizenship of the parties and an amount in controversy exceeding $75,000. For the reasons stated below, this case is remanded to the Ninth Judicial Circuit in and for Osceola County, Florida, for lack of subject matter jurisdiction.

This Court has limited jurisdiction. Jurisdiction is authorized under 28 U.S.C. § 1332(a) when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and "is between (1) citizens of different states." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the

case was removed." Williams v. Best Buy Co., 269 F.3d 1316,1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

The Notice of Removal in this case alleges that the parties are citizens of different states (Doc. 1, ¶¶ 1, 3) and Plaintiff has not disputed that. The Complaint does not set forth a specific amount in controversy but simply states Plaintiff seeks damages in excess of $15,000 and an award of attorney's fees under Florida Statutes § 627.428. (Doc. 1-1, ¶¶ 1, 14). In the Notice of Removal, Defendant asserts that Plaintiff seeks $59,937.63 in damages plus attorney's fees. (Doc. 1, ¶¶ 6, 7).

Defendant argues that the attorney's fees Plaintiff will seek for representation of Plaintiff through trial should be considered in calculating the amount in controversy. "[I]t is foreseeable and anticipated that Plaintiff's claim for attorney's fees through the trial of this action will exceed $15,062.37." (Doc. 1, ¶ 7). Those anticipated fees plus money damages sought exceed $75,000. The question here is whether anticipatory statutory fees should be included in determining the § 1332(a) jurisdictional threshold.

Defendant has support for this argument. Defendant relies on DO Rests. Inc. v. Aspen Specialty Ins. Co., 984 F. Supp. 2d 1342 (S.D. Fla. 2013). There are other cases in Florida as well that include anticipatory statutory fees in determining the amount in controversy. See e.g., Mirras v. Time Ins. Co., 578 F. Supp. 2d 1351, 1352-53 (M.D. Fla. 2008)(anticipated statutory attorney's fees were included in calculating amount in controversy); Dobrowski v. Allstate Indemnity Co., No. 1:11-cv-00179-MP-GRJ, 2011 WL 6736324, at *2 (N.D. Fla. Dec. 21, 2011)(allowing an estimated range of attorney's fees

through trial to be used in calculating the amount in controversy); Maronda Homes, Inc. of Florida v. Progressive Express Ins. Co., No. 6:14-cv-1287-Orl-31TBS, 2014 WL 6306302, at *1 (M.D. Fla. Nov. 12, 2014)(fees through trial used in calculating amount in controversy).

The Eleventh Circuit has not considered this specific question[1] but the district courts of the Eleventh Circuit have come to different results on this issue. The cases relied upon by Defendant represent a minority view among the federal district courts in Florida that have considered the question. See Poudy v. Texas Roadhouse Mgmt. Corp., No. 2:17-cv-715-FtM-99CM, 2018 WL 495343, at *3 (M.D. Fla. Jan. 22, 2018). The trend of Florida courts considering this question have gone the other way, including only fees accrued at the time of removal in calculating the amount in controversy. See e.g., Bragg v. Suntrust

---

[1] In the Eleventh Circuit "'the jurisdictional facts that support removal must be judged at the time of removal, and any post-petition affidavits are allowable only if relevant to that period of time.'" Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000),quoting Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995). In Smith v. GTE Corp., the Eleventh stated, "a clearly established common law basis for awarding attorney's fees may also justify including a reasonable estimate of requested attorney's fees in determining the amount in controversy," citing to Ross v. Inter-Ocean Ins. Co., 693 F.2d 659, 661 (7th Cir. 1982). 236 F.3d 1292, 1305 (11th Cir. 2001). The Ross decision relied on Batts Rest., Inc. v. Commercial Ins. Co. of Newark, 406 F.2d 118, 120 (7th Cir. 1969), which in turn relied on Missouri State Life Ins. Co. v. Jones, 290 U.S. 199 (1933). Ross has been superseded by Gardynski-Leschuck v. Ford Motor Co., 142 F.3d 955 (7th Cir. 1998). Hart v. Schering-Plough Corp., 253 F.3d 272, 274 (7th Cir. 2001)("None of the earlier opinions dealt with the question how fees yet to be incurred could be in 'controversy' on the date the complaint is filed, and none can be deemed a holding on a point that was assumed but not decided. Gardynski-Leschuck squarely addresses that question."). Further, the Missouri State Life opinion does not address precisely how to calculate the amount of attorney's fees in the removal context but rather "stands for the proposition that when attorney's fees are provided for by state statute as an element of damages, federal courts must count them towards the jurisdictional amount and cannot regard them merely as costs." Bradley v. Hartford Life & Acc. Ins. Co., No. 2:10-cv-00017-WCO, 2010 WL 11597137, at *5 (N.D. Ga. Jul. 7, 2010). Similarly, Smith does not address how to calculate attorney's fees in the removal context.

Bank, No. 8:16-cv-139-T-33TBM, 2016 WL 836692, at *3 (M.D. Fla. Mar. 4, 2016) (remanding case where defendant failed to provide information to calculate the attorney's fees accrued to the day of removal); Keller v. Jasper Contractors, Inc., No. 8:15-cv-1773-T-23TBM, 2015 U.S. Dist. LEXIS 106110, at *3 (M.D. Fla. Aug. 12, 2015)(sua sponte remanding and explaining that "only the attorney's fees accrued to the day of removal can contribute to the amount in controversy"); Lott & Friedland, P.A. v. Creative Compounds, LLC, No. 10-20052-CIV, 2010 WL 2044889, at *4 (S.D. Fla. Apr. 21, 2010)("[t]he Court agrees with the general rule that post-removal events, such as subsequent generation of attorney fees, cannot create jurisdiction that was lacking at the outset"); Rogatinsky v. Metro Life Ins. Co., 09-80740-CIV, 2009 WL 3667073, at *2 (S.D. Fla. Oct. 26, 2009)("for jurisdictional purposes, the amount of attorney's fees are calculated at the time of removal."); Donovan v. Liberty Mut. Ins. Co., No. 6:16-cv-157-Orl-22TBS, 2016 WL 9525421, at *3 (M.D. Fla. June 17, 2016)(finding the more reasoned approach is to calculate attorney's fees as of the time of removal in assessing the amount in controversy). A district court in Georgia also takes this position. *See* Bradley v. Hartford Life & Acc. Ins. Co., No. 2:10-cv-00017-WCO, 2010 WL 11597137 (N.D. Ga. Jul. 7, 2010)(calculated as of time of removal).

Two Circuits have considered this specific question. In Gardynski-Leschuck v. Ford Motor Co., 142 F.3d 955, 958-59 (7th Cir. 1998), the Seventh Circuit held that only attorney's fees actually incurred before the date of removal may be counted towards the amount in controversy for purposes of federal subject matter diversity jurisdiction. Judge Easterbrook wrote that incorporating anticipatory legal fees "includes the value of legal services that have not been and may never be incurred, and are therefore not 'in

controversy' between the parties." Id. at 958. The Tenth Circuit took the opposite approach, allowing an estimated reasonable attorney's fee to be considered in calculating the amount in controversy. Miera v. Dairyland Ins. Co., 143 F.3d 1337 (10th Cir. 1998).

This Court is persuaded to follow the well-reasoned majority view that eschews consideration of unearned and speculative attorney's fees in determining the amount in controversy. There is "'no reason to deviate from the general rule that in a removed case the amount in controversy is determined as of the time of removal,' to include a highly speculative amount of attorney's fees estimated through trial." Miller Chiropractic & Medical Ctrs., Inc. v. Progressive Select Ins. Co., No. 8:16-cv-3034-T-33MAP, 2016 WL 6518782, at *2 (M.D. Fla. Nov. 3, 2016)(*quoting* Waltemyer v. Nw. Mut. Life Ins. Co., No. 2:06-cv-597-FTM-29DNF, 2007 WL 419663, at *1-2 (M.D. Fla. Feb. 2, 2007)). "The removal statute contemplates a stronger basis for jurisdiction than mere speculation." Wozniak v. Dolgencorp, LLC, No. 8:09-cv-2224-T-23AEP, 2009 WL 4015577, at *2 (M.D. Fla. Nov. 19, 2009). Indeed, as expressed by the Eleventh Circuit, "the existence of jurisdiction should not be divined by looking to the stars." Lowery, 483 F.3d at 1215. If the "evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." Id. Defendant's assertion that Plaintiff will incur fees in excess of $15,062.37 is speculation in an attempt to meet the amount in controversy to justify removal.

Defendant did not provide any evidence of Plaintiff's attorney's fees accrued to the date of removal. This case was filed in state court on September 25, 2018 (Doc. 1, ¶ 2) and removed to this Court on October 25, 2018. (Doc. 1). There was little action in this case in the one month from its filing to its removal; the state documents include only the

Complaint, Notice of Service of Process, Summons, Notice of Email Address Designation, and the Notice of Removal. (Doc. 1-2). Defendant has not met its burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000 and this case therefore must be remanded to the state court.

The Clerk of the Court is directed to remand this case to the Ninth Judicial Circuit in and for Osceola County, Case No. 2018-CA-002993-CI and to then close this file.

**DONE** and **ORDERED** in Orlando, Florida, on February ___, 2019.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties